**FILED**

MAY -1 2018

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | No. **18CR 267** |
| ) | |
| vs. ) | Violations: Title 18, United States |
| ) | Code, Sections 371 and 666(a)(1), (2) |
| ) | |
| JAMES HERNANDEZ and ) | |
| SUZY TAMRAS-MARTIN ) | **UNDER SEAL**   JUDGE CHANG |

COUNT ONE    MAGISTRATE JUDGE WEISMAN

The SPECIAL DECEMBER 2016 GRAND JURY charges:

1. At times material to the indictment:

    a. The University of Illinois at Chicago ("UIC") was an agency of state government that received in excess of $10,000 in federal funding during each twelve-month period between in or about January 1, 2013 and in or about December 31, 2015;

    b. Defendant JAMES HERNANDEZ was employed by UIC as an elevator foreperson and, among other things, had the authority to act on behalf of UIC in selecting and hiring outside vendors to perform elevator service and repair work at UIC;

    c. Defendant SUZY TAMRAS-MARTIN was the president and owner of Smart Elevators, which was a company engaged in the business of servicing and repairing elevators.

    d. Between in or about 2011 and 2015, UIC paid Smart Elevators in excess of $5,000,000 for servicing and repairing elevators.

2. Beginning no later than in or about April 2013, and continuing through at least in or about August 2015, at Chicago, in the Northern District of Illinois, and elsewhere,

JAMES HERNANDEZ and
SUZY TAMRAS-MARTIN,

defendants herein, conspired and agreed with each other to commit the following offenses:

  a. that defendant JAMES HERNANDEZ accepted money and property from defendant SUZY TAMRAS-MARTIN and others, with the intent to be influenced and rewarded in connection with any business, transaction, and series of transactions of UIC involving things of value of $5,000 or more, in violation of Title 18, United States Code, Section 666(a)(1)(B); and

  b. that defendant SUZY TAMRAS-MARTIN corruptly gave and offered to give money and property to defendant JAMES HERNANDEZ with the intent to influence and reward defendant HERNANDEZ in connection with any business, transaction, and series of transactions of UIC involving things of value of $5,000 or more, in violation of Title 18, United States Code, Section 666(a)(2).

3. It was part of the conspiracy that defendant SUZY TAMRAS-MARTIN offered and gave over $200,000 to defendant JAMES HERNANDEZ, an agent of UIC, with the intent to influence and reward defendant HERNANDEZ in connection with official actions undertaken on behalf of UIC, including the referral of elevator service and repair work to defendant TAMRAS-MARTIN's company, Smart Elevators.

4. It was further part of the conspiracy that defendant JAMES HERNANDEZ accepted over $200,000 with the intent to be influenced and rewarded in connection with official actions undertaken on behalf of UIC, including the awarding of elevator service and repair work to defendant SUZY TAMRAS-MARTIN and her company, Smart Elevators.

5. It was further part of the conspiracy that defendants JAMES HERNANDEZ and SUZY TAMRAS-MARTIN concealed the payments being made to defendant HERNANDEZ by issuing and causing to be issued checks in the name of defendant HERNANDEZ's daughter and falsely describing those payments as "professional fees" in the financial records of Smart Elevators.

6. It was further part of the conspiracy that defendant JAMES HERNANDEZ forged the endorsement of his daughter on checks issued by defendant SUZY TAMRAS-MARTIN in the name of his daughter and deposited those checks into joint accounts that defendant HERNANDEZ shared with his daughter.

7. It was further part of the conspiracy that defendant JAMES HERNANDEZ exercised control over the funds deposited into the joint accounts, including by directing payment of the funds for personal use or for use of family members. HERNANDEZ did not use any of these funds in connection with UIC elevator service or repair work.

8. It was further part of the conspiracy that defendants JAMES HERNANDEZ and SUZY TAMRAS-MARTIN concealed and hid, and caused to be concealed and hidden, the existence of and acts done in furtherance of the conspiracy.

## Overt Acts

9. In furtherance of the conspiracy and to accomplish the objects of the conspiracy, defendants JAMES HERNANDEZ and SUZY TAMRAS-MARTIN committed one or more overt acts in the Northern District of Illinois, and elsewhere, which overt acts included but were not limited to the following:

a. On or about March 23, 2013, defendant SUZY TAMRAS-MARTIN issued and caused the issuance of a check from Smart Elevators in the amount of $14,300 made payable to defendant JAMES HERNANDEZ's daughter;

b. On or about March 31, 2013, defendant JAMES HERNANDEZ caused his name to be added as an authorized user to a bank account previously opened by his daughter at Chase Bank for the purpose of depositing checks obtained from defendant SUZY TAMRAS-MARTIN into the account;

c. On or about April 1, 2013, defendant JAMES HERNANDEZ deposited and caused the deposit of a check from Smart Elevators made payable to his daughter in the amount of $14,300 into an account held jointly with his daughter at Chase Bank;

d. On or about July 6, 2013, defendant SUZY TAMRAS-MARTIN issued and caused the issuance of a check from Smart Elevators in the amount of $17,030 made payable to defendant JAMES HERNANDEZ's daughter;

e. On or about July 15, 2013, defendant JAMES HERNANDEZ deposited and caused the deposit of a check from Smart Elevators made payable to his daughter in the amount of $17,300 into an account held jointly with his daughter at Chase Bank;

f. On or about October 31, 2013, defendant SUZY TAMRAS-MARTIN issued and caused the issuance of a check from Smart Elevators in the amount of $6,900 made payable to defendant JAMES HERNANDEZ's daughter;

g. On or about November 13, 2013, defendant JAMES HERNANDEZ deposited and caused the deposit of a check from Smart Elevators made payable to his daughter in the amount of $6,900 into an account held jointly with his daughter at Chase Bank;

      h.      On or about December 7, 2013, defendant SUZY TAMRAS-MARTIN issued and caused the issuance of a check from Smart Elevators in the amount of $5,400 made payable to defendant JAMES HERNANDEZ's daughter;

      i.      On or about December 20, 2013, defendant JAMES HERNANDEZ deposited and caused the deposit of a check from Smart Elevators made payable to his daughter in the amount of $5,400 into an account held jointly with his daughter at Chase Bank;

      j.      On or about March 3, 2014, defendant SUZY TAMRAS-MARTIN issued and caused the issuance of a check from Smart Elevators in the amount of $6,000 made payable to defendant JAMES HERNANDEZ's daughter;

      k.      On or about March 10, 2014, defendant JAMES HERNANDEZ deposited and caused the deposit of a check from Smart Elevators made payable to his daughter in the amount of $6,000 into an account held jointly with his daughter at Chase Bank;

      l.      On or about June 3, 2014, defendant SUZY TAMRAS-MARTIN issued and caused the issuance of a check from Smart Elevators in the amount of $7,900 made payable to defendant JAMES HERNANDEZ's daughter;

      m.      On or about June 19, 2014, defendant JAMES HERNANDEZ deposited and caused the deposit of a check from Smart Elevators made payable to his daughter in the amount of $7,900 into an account held jointly with his daughter at Chase Bank;

      n.      On or about November 10, 2014, defendant SUZY TAMRAS-MARTIN issued and caused the issuance of a check from Smart Elevators in the amount of $7,600 made payable to defendant JAMES HERNANDEZ's daughter;

  o. On or about November 13, 2014, defendant JAMES HERNANDEZ deposited and caused the deposit of a check from Smart Elevators made payable to his daughter in the amount of $7,600 into an account held jointly with his daughter at Chase Bank;

  p. On or about March 7, 2015, defendant SUZY TAMRAS-MARTIN issued and caused the issuance of a check from Smart Elevators in the amount of $6,700 made payable to defendant JAMES HERNANDEZ's daughter;

  q. On or about March 23, 2015, defendant JAMES HERNANDEZ deposited and caused the deposit of a check from Smart Elevators made payable to his daughter in the amount of $6,700 into an account held jointly with his daughter at Chase Bank;

  r. On or about July 20, 2015, defendant SUZY TAMRAS-MARTIN issued and caused the issuance of a check from Smart Elevators in the amount of $6,300 made payable to defendant JAMES HERNANDEZ's daughter;

  s. On or about July 27, 2015, defendant JAMES HERNANDEZ deposited and caused the deposit of a check from Smart Elevators made payable to his daughter in the amount of $6,300 into an account held jointly with his daughter at Chase Bank;

  t. On or about August 10, 2015, defendant SUZY TAMRAS-MARTIN issued and caused the issuance of a check from Smart Elevators in the amount of $6,300 made payable to defendant JAMES HERNANDEZ's daughter;

  u. On or about August 14, 2015, defendant JAMES HERNANDEZ deposited and caused the deposit of a check from Smart Elevators made payable to his daughter in the amount of $6,300 into an account held jointly with his daughter at Chase Bank;

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO

The SPECIAL DECEMBER 2016 GRAND JURY further charges:

1. UIC was an agency of state government that received in excess of $10,000 in federal funding during the twelve-month period beginning on or about January 1, 2013 and ending on or about December 31, 2013.

2. On or about July 15, 2013, in the Northern District of Illinois, Eastern Division, and elsewhere,

JAMES HERNANDEZ,

defendant herein, being an agent of UIC, corruptly solicited, demanded and agreed to accept things of value from SUZY TAMRAS-MARTIN and Smart Elevators, namely, $17,030, intending to be influenced and rewarded in connection with a business, transaction, and series of transactions of UIC involving a thing of value of $5,000 or more, namely, the awarding of elevator repair and maintenance services at UIC;

In violation of Title 18, United States Code, Section 666(a)(1)(B).

## COUNT THREE

The SPECIAL DECEMBER 2016 GRAND JURY further charges:

1. UIC was an agency of state government that received in excess of $10,000 in federal funding during the twelve-month period beginning on or about January 1, 2014 and ending on or about December 31, 2014.

2. On or about June 19, 2014, in the Northern District of Illinois, Eastern Division, and elsewhere,

### JAMES HERNANDEZ,

defendant herein, being an agent of UIC, corruptly solicited, demanded and agreed to accept things of value from SUZY TAMRAS-MARTIN and Smart Elevators, namely, $7,900, intending to be influenced and rewarded in connection with a business, transaction, and series of transactions of UIC involving a thing of value of $5,000 or more, namely, the awarding of elevator repair and maintenance services at UIC;

In violation of Title 18, United States Code, Section 666(a)(1)(B).

## COUNT FOUR

The SPECIAL DECEMBER 2016 GRAND JURY further charges:

1. UIC was an agency of state government that received in excess of $10,000 in federal funding during the twelve-month period beginning on or about January 1, 2015 and ending on or about December 31, 2015.

2. On or about August 14, 2015, in the Northern District of Illinois, Eastern Division, and elsewhere,

JAMES HERNANDEZ,

defendant herein, being an agent of UIC, corruptly solicited, demanded and agreed to accept things of value from SUZY TAMRAS-MARTIN and Smart Elevators, namely, $6,300, intending to be influenced and rewarded in connection with a business, transaction, and series of transactions of UIC involving a thing of value of $5,000 or more, namely, the awarding of elevator repair and maintenance services at UIC;

In violation of Title 18, United States Code, Section 666(a)(1)(B).

## COUNT FIVE

The SPECIAL DECEMBER 2016 GRAND JURY further charges:

1. UIC was an agency of state government that received in excess of $10,000 in federal funding during the twelve-month period beginning on or about January 1, 2013 and ending on or about December 31, 2013.

2. On or about July 15, 2013, in the Northern District of Illinois, Eastern Division, and elsewhere,

### SUZY TAMRAS-MARTIN,

defendant herein, corruptly offered and agreed to give things of value, namely, $17,030, intending to influence and reward JAMES HERNANDEZ, an agent of UIC, in connection with a business, transaction, and series of transactions of UIC involving a thing of value of $5,000 or more, namely, the awarding of elevator repair and maintenance services at UIC;

In violation of Title 18, United States Code, Section 666(a)(2).

## COUNT SIX

The SPECIAL DECEMBER 2016 GRAND JURY further charges:

1. UIC was an agency of state government that received in excess of $10,000 in federal funding during the twelve-month period beginning on or about January 1, 2014 and ending on or about December 31, 2014.

2. On or about June 19, 2014, in the Northern District of Illinois, Eastern Division, and elsewhere,

**SUZY TAMRAS-MARTIN,**

defendant herein, corruptly offered and agreed to give things of value, namely, $7,900, intending to influence and reward JAMES HERNANDEZ, an agent of UIC, in connection with a business, transaction, and series of transactions of UIC involving a thing of value of $5,000 or more, namely, the awarding of elevator repair and maintenance services at UIC;

In violation of Title 18, United States Code, Section 666(a)(2).

## COUNT SEVEN

The SPECIAL DECEMBER 2016 GRAND JURY further charges:

1. UIC was an agency of state government that received in excess of $10,000 in federal funding during the twelve-month period beginning on or about January 1, 2015 and ending on or about December 31, 2015.

2. On or about August 14, 2015, in the Northern District of Illinois, Eastern Division, and elsewhere,

### SUZY TAMRAS-MARTIN,

defendant herein, corruptly offered and agreed to give things of value, namely, $6,300, intending to influence and reward JAMES HERNANDEZ, an agent of UIC, in connection with a business, transaction, and series of transactions of UIC involving a thing of value of $5,000 or more, namely, the awarding of elevator repair and maintenance services at UIC;

In violation of Title 18, United States Code, Section 666(a)(2).

## FORFEITURE ALLEGATION

The SPECIAL DECEMBER 2016 GRAND JURY further alleges:

1. Upon conviction of an offense in violation of Title 18, United States Code, Sections 371 and 666, as set forth in this Indictment, defendant JAMES HERNANDEZ shall forfeit to the United States of America any property which constitutes and is derived from proceeds traceable to the offense, as provided in Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. The property to be forfeited includes, but is not limited to, approximately $208,700 in funds.

3. If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, as provided in Title 21, United States Code Section 853(p).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY

13